# H. M. MIST *v.* S. M. W. KAWELO.

## EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED SEPTEMBER 20, 1898. DECIDED NOVEMBER 11, 1898.

JUDD, C.J., WHITING, J., AND P. NEUMANN, ESQ., OF THE BAR, IN PLACE OF FREAR, J., ABSENT.

A defect, omission or mistake in one part of the description of land conveyed by grant does not violate the grant, if from the whole description and the reference therein the extent, location and identity of the land can be ascertained.

If in a deed the land conveyed is stated to be that which is described in another deed, duly recorded, from a third person to the grantor, the reference to such deed becomes an essential part of a description which may otherwise be ambiguous or insufficient.

OPINION OF THE COURT BY P. NEUMANN, ESQ.

This is an action in ejectment and is before this court on exceptions to a judgment rendered by the Circuit Court of the First Judicial Circuit, in favor of plaintiff. Both the plaintiff and the defendant claim title from one and the same source, namely, through one J. W. Mikasobe; the defendant's is by a deed from the marshal under an execution against Mikasobe dated August 3, 1888, and the plaintiff's is by a deed from Mikasobe himself dated November 15, 1897. The proceedings in the action against Mikasobe, under which the marshal's deed was made, are not impeached for any irregularity, and the only question to be determined is this: Does the marshal's deed contain a description sufficiently certain to show what was conveyed under it, or was that description so vague and uncertain that

nothing passed under it and that the title still remained in Mika-
sobe. The description in the deed from Nakapuahi to Mikasobe
is in the Hawaiian language, and we quote the conveying portion
as follows:

"Nolaila ke kuai ke haawi a ke hoolilo loa aku nei no wau no
J. W. Mikasobe i oleloia i kela mau apana aina elua e waiho la
ma Kalia & Kaluaolohe Waikiki Oahu a ua hoike ia ma ka
palapala sila nui helu 2564 a Kuleana Helu 6616 i haawi ia ma
ka inoa o Nuuanu, ko'u kaikaina ponoi a owau wale no hoi ka
pili i koe e ola nei."

Which being translated reads as follows:

"Therefore I do hereby sell, grant and convey unto the said
J. W. Mikasobe those two pieces of land situate in Kalia &
Kaluaolohe, Waikiki, Oahu, and exhibited by Royal Patent No.
2564 and Land Commission Award No. 6616 awarded in the
name of Nuuanu my younger brother and I am the only rela-
tion now living."

This deed is dated the 3d of October, 1882, and on the same
date Mikasobe made a mortgage to Cartwright ostensibly for the
same land, which in the mortgage is described as follows:

"All those tracts or parcels of land lying, situate and being
in Waikiki aforesaid, more particularly described in Royal
Patent No. 2564, Land Commission Award No. 6616 in the
name of Nuuanu and conveyed to said mortgagor by deed of
Nakapuahi dated October 3, 1882 recorded in Liber 80, pages
211 and 212, containing an area of 634-1000 of an acre."

In the deed from the marshal the land is described thus:

"All that certain piece or parcel of land situate at said Ka-
moiliili containing an area of 634-1000 of an acre, and being the
same premises described in Royal Patent No. 2564, Land
Commission Award No. 6616 issued to Nuuanu and that were
conveyed to Mikasobe by Nakapuahi by deed dated October 3,
1882, and recorded in the office of the Registrar of Conveyances
in Liber 80, folios 211-212. Subject however to a mortgage of
six hundred dollars ($600.00) made by said Mikasobe to A. J.

Cartwright, trustee, dated October 3, 1882, and recorded in Liber 80, folios 212-213."

Royal Patent No. 2564 purports to comprise only one piece of land situated at Kaluaolohe, Waikiki, containing 37-100 of an acre which was awarded under Land Commission Award 6616 dated March 29, 1855 to Nuuanu, but another award of the same under and to the same awardee was made on June 1, 1852, which allotted to Nuuanu Apanas 1, 2, 3 and 4, the last enumerated being the land in controversy. Both parties to this action agree that the deed from Nakapuahi (apparently the sole heir of Nuuanu) conveys to Mikasobe the title to the 37-100 acre tract, and Apana 4, comprising as appears from the mortgage before mentioned, 634-1000 of an acre; and it may be noted here that the land described in the award of 1855 and Apana 4 in the award of 1852 both together measure the area of 634-1000 of an acre.

Can the subject of conveyance be collected from the whole description in the marshal's deed? If the only reference therein had been to the patent number 2564, unquestionably nothing more would then have been conveyed than the land in the patent described whether the area of the land was larger or smaller than that stated in the patent, but here reference is also made to Land Commission Award 6616, and to the deed of Nakapuahi to Mikasobe. These references, taken in connection with the stated area of the land, demonstrate with accuracy and certainty what was intended to be conveyed, and was in fact conveyed. If the description in the deed was erroneous or insufficient, it was not the only description upon which the grantee needed to rely.

A Royal Patent is merely a quit claim of the interest of the government in lands. "It does neither convey nor confirm title." *Bruns v. Minister of Interior*, 3 Haw. 783. Suppose that the patent had contained no description of any of the land allotted under the Land Commission Awards instead of only a portion of the same, it could not be seriously contended in view of the subsequent description in the marshal's deed that nothing passed to the grantee by that instrument. Indeed, if such a failure to

describe all the pieces intended to be conveyed had happened, the court could reject that reference entirely and sustain the deed upon the other data therein given, much more so than if the patent shows only a part of the land so intended to be conveyed.

In the case of *Notley v. Kukaiau Plantation Co.*, *ante*, p. 525, this court held the principle of interpretation to be that, "if there be a description of the property clear and definite and sufficient to render certain what is to be demised, the addition of a wrong name or of an erroneous statement as to quantity, occupancy, locality or an erroneous enumeration of particulars, will have no effect." In this case the description is supplemented by the references to Land Commission Award 6616, to the deed from Nakapuahi, to the mortgage by Mikasobe (as appears from the marshal's deed), and the setting forth of the area intended to be sold, sufficient to show that the marshal sold all of Mikasobe's right, title and interest in the land, the identity, location and extent of which is clearly ascertainable from such supplementary description.

The extent of the area of land conveyed becomes an essential and very material part of the description, where there is not sufficient certainty in defining its boundaries.—*Kirkland v. Way*, 45 Am. Dec. 752.

The uncertainty in this case arises solely from the reference to the patent. If that reference were alone to govern, then only one piece of land was conveyed by the deed; but if however the acreage and the reference to the award and the Nakapuahi deed are taken into consideration, then both lots were sold. The rule is laid down that where a contradiction occurs in the description of land conveyed by grant, the false or mistaken part of the description may be rejected and effect given to the grant if the other parts of the description identify the land and do not conflict with the manifest intent of the parties. Further, "where a tract is described as being the same premises conveyed to the grantor by a certain deed, and then the conveyance attempts to give metes and bounds which omit a part of the premises conveyed in the first deed, the whole tract nevertheless passes."

*Foss v. Crisp,* 20 Pick. 121; *Wursthoff v. Seymour,* 22 N. J. Eq. 66.

Following the established rules of construction, no other conclusion can be reached than that the description in the marshal's deed taken as a whole shows the identity, location and extent of the land conveyed, and that by that deed Mikasobe was divested of his title in the land, and, therefore, no title in it passed from him to the plaintiff.

The judgment of the Circuit Court is reversed and the cause remanded to that court for further proceedings in accordance with this decision.

*Magoon-Silliman* for plaintiff.
*Castle-Weaver* for defendant.