ALICE K. KU, Plaintiff-Appellant, *v.* DAI FUKUJI SOTO MISSION, et al., Defendants-Appellees

No. 4734

December 27, 1971

RICHARDSON, C.J., MARUMOTO, LEVINSON AND KOBAYASHI, JJ., AND CIRCUIT JUDGE HAWKINS IN PLACE OF ABE, J., DISQUALIFIED

OPINION OF THE COURT BY KOBAYASHI, J.

This appeal involves an action to quiet title, brought by appellant, Alice Ku, to have her interest determined in numerous parcels of land also claimed by appellees. The trial court hearing the case without a jury, dismissed the suit, finding that appellant did not have title.

Ehu was the original grantee and common source of title to the land in question. He was given two Grants, Grant 974 containing 50 acres and Grant 2028 containing 44 acres, situate in what is now Kuamoo, North Kona, County and State of Hawaii. Before trial the ownership of Grant 2028 was settled by agreement of all the parties and judgment by stipulation was entered. As such, only Grant 974 is involved in this appeal. The crux of appellant's appeal is her claim to an undivided fee simple interest in Grant 974 by virtue of the following deeds:

1. Ehu to Keapo (Kauinui's first husband) and others, April 24, 1876.
2. Huia (wife of Kailikini) and others to C. C. Achong (Kauinui's second husband), November 7, 1896.
3. G. N. Alapai to Charles Ka, April 1899.
4. Palealii to Charles Ka, July 24, 1900, denied admission into evidence by trial court.
5. Charles Ka to Aiu, August 2, 1929.
6. Charlotte Aiu Lewi, et al., to Alice Ku, February 15, 1960.

Ehu had three grandchildren, Alapai (grandson), Kauinui (granddaughter), and Kailikini (grandson). As to the Ehu deed, the trial court found that he conveyed both Grants 974 and 2028 to Keapo, Kauinui, Kailikini, and Alapai's four children, George Naholuwaa (G. N. Alapai), Palealii, Haliaka and Kaneikauhilani, who died in infancy. (Alapai, father of G. N. Alapai, predeceased Ehu.) Appellant at the trial attempted to have the Ehu deed invalidated on the ground that it was not a deed but an invalid testamentary disposition. The trial court ruled that it was a deed and this ruling has not been appealed.

## ISSUES

In deciding this case we must determine whether the trial court, in ruling that appellant had no interest in Grant 974, erroneously construed the deeds through which appellant is claiming title. Each deed in question has its own disputed particulars and in some instances the construction given the individual deeds depends upon the effect of subsidiary conveyances and other extrinsic evidence. In addition there is the question of whether the trial court erroneously refused to admit the Palealii deed into evidence.

### DEED OF G. N. ALAPAI TO CHARLES KA

The following interest was included among the properties conveyed by the G. N. Alapai to Charles Ka deed of April 1899:

And together with my undivided interest in the undivided shares of Kauinui (w) in the lands of Ehu (k) as described in Patent Number ........ situate at Kuamoo, Kona, Hawaii.

This description comes from the Hawaiian through English translation of the deed admitted into evidence.

The trial court in its decision said that at the time of the above conveyance G. N. Alapai had an undivided interest in certain tax parcels in Grant 974 and an undivided interest in Grant 2028, "and hence there appears to be a latent ambiguity as to which parcel of land the grantor intended to convey." In holding that the ambiguity created by the deed did not make the instrument void for uncertainty or vagueness the trial court cites the proposition that "[a] deed will not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property it was intended to convey." 6 THOMPSON ON REAL PROPERTY, § 3021 at 444-45 (1962).

Appellant does not challenge the trial court's interpretation of the law in this area, it is the trial court's application of the extrinsic evidence utilized in determining the grantor's intent that is questioned. The trial court found that because G. N. Alapai had conveyed by deed (the Huia to C. C. Achong conveyance in November 1896 and the G. N. Alapai to Malani conveyance in October 1898) a major portion of Grant 974 prior to 1899 and because the remainder of Grant 974 was being adversely possessed, the description of the property in the Charles Ka deed referred solely to Grant 2028 and not to Grant 974.

Even assuming for the moment that the trial court's construction of the Huia and Malani deeds is correct, its ascertainment of G. N. Alapai's intent cannot be sustained. In reaching its decision the trial court specifically found that it was "unnecessary to make detailed findings of fact as to adverse possession." Yet in ascertaining the intent of the grantor of the deed in question the trial court relied on the

supposition that that portion of Grant 974 that was not conveyed by G. N. Alapai prior to 1899 was currently being adversely possessed. This reliance must be regarded as misplaced. It cannot be shown that G. N. Alapai knew that Grant 974 was being adversely possessed in 1899. Furthermore, a present finding of adverse possession would in no way be indicative of G. N. Alapai's intent at the time of his conveyance to Charles Ka.

There is nothing sufficiently persuasive to indicate that G. N. Alapai intended to convey only one of the Ehu grants and exclude the other. As such, it is evident that the trial court's construction of the deed is clearly erroneous. Given that, although the description of the land is incomplete, the deed is a valid conveyance based on the extrinsic evidence adduced, there remains but one conclusion to be drawn from the grantor's language. That is that the property conveyed by G. N. Alapai to Charles Ka in 1899 included both G. N. Alapai's described interest in Grant 2028 and Grant 974.

### DEED TO C. C. ACHONG

Since we have found that the trial court erred in not including Grant 974 as property having been conveyed by the deed of G. N. Alapai to Charles Ka, it is necessary to determine in what portion of Grant 974 G. N. Alapai had a possible interest in 1899. This determination requires an analysis of the trial court's construction of the deeds to C. C. Achong and Malani.

The trial court found that Huia, G. N. Alapai, and others conveyed by deed their interests in "division 1" of Grant 974 to C. C. Achong and certain others in 1896. Appellant contends that G. N. Alapai was not a grantor of that deed but was in fact a grantee, thereby acquiring a greater interest in Grant 974 than he had previously held. To support this assertion appellant points to the fact that the deed reads in part, "an absolute sale of land above described with all rights and privileges held by [to] C. C. Achong and the heirs of Alapai and their heirs and executors forever." In distin-

guishing between G. N. Alapai and his father, the Alapai referred to as "the heirs of Alapai" is interpreted to mean the father, grandson of Ehu. Taken by itself, this would tend to provide validity to appellant's position that G. N. Alapai, as a legal "heir of Alapai", should be included as a grantee.

It is evident, however, when the language of other portions of the deed is taken into consideration, that appellant's construction of the deed is incorrect. The grantors specifically designate who the phrase "heirs of Alapai" is intended to include. While this enumeration specifies C. C. Achong and certain others, it does not include G. N. Alapai and therefore cannot be construed so as to include all the legal heirs of Alapai, but only those specifically mentioned. As such the trial court's finding that "G. N. Alapai had no interest in Division 1 to convey to Charles Ka in April 1899" must be sustained.

### LOCATION OF "DIVISION 1" IN DEED TO C. C. ACHONG

Appellant contends that because of failure to lay a proper foundation, the trial court erroneously admitted a certain "Ahuna" map into evidence. Consequently appellant concludes that the trial court did not have sufficient admissible evidence to determine where "division 1" was located within Grant 974.

It appears that the trial court was correct in admitting the map under the ancient document rule. However, it is not necessary that we reach that issue. Appellant has not demonstrated how she was prejudiced by the trial court's utilization of the "Ahuna" map in its finding as to "division 1". No evidence was presented showing where "division 1" might otherwise be located. The tax key maps that were admitted into evidence clearly indicate where each particular tax parcel is located within Grant 974 and also depict the location of "division 1". The deed to C. C. Achong itself provides a partial physical boundary description of "division 1" and specifically sets forth the number of acres involved, exactly the number of acres that comprise division 1 as evidenced by the

tax key maps. As such, even if the "Ahuna" map were held to be inadmissible, its admission would have to be regarded as harmless error.

### DEED TO MALANI

G. N. Alapai and his wife conveyed by deed certain property to Malani and his wife in October, 1898. The granting portion of that deed reads in part as follows:

> Therefore we sell, and convey my undivided interest in that piece below the government road, under the name of Ehu (w) deceased, of which I am his own [great] grandchild and heir by law, together with all things pertaining to this right of mine and all other rights.

In construing this language the trial court determined that G. N. Alapai conveyed all his undivided interest in Grant 974 below the old government road. (The old government road runs through Grant 974 in such a way that two-thirds of Grant 974 lies below it.)

Appellant contends that the clause "of which I am his own [great] grandchild and heir by law" clearly shows G. N. Alapai's intent to convey only the interest which he himself directly acquired from Ehu. Therefore, it is argued, G. N. Alapai should not be deemed to have conveyed the interests he acquired from Kauinui or his younger brother Kaneikauhilani.

We cannot agree with appellant's contention. The clause in question, "of which I am his own [great] grandchild and heir by law", is immediately preceded by the name "Ehu" and should be construed solely as a description of the relationship between the present grantor and the original source and owner of the property. While this in itself negates the validity of appellant's position on this issue, appellant points to subsequent acts as being indicative of the grantor's intent to limit the interest conveyed. G. N. Alapai executed deeds in 1936, 1941 and 1943, conveying parcels below the old government road of Grant 974. It is argued

that this is indicative of the fact that G. N. Alapai was aware, subsequent to 1898, that he still retained an undivided interest in property below the old government road. Appellant, however, has failed to consider the fact that G. N. Alapai was the grantee of a deed in 1929 (introduced as evidence by appellee Hanato), from which he received an undivided interest in the very property that he later conveyed in 1936, 1941 and 1943.

### DEED FROM PALEALII TO CHARLES KA

Appellant, in an attempt to show that she had another source of title to land within Grant 974, asserts that the trial court erred in refusing to admit into evidence the April 1900 deed from Palealii to Charles Ka. Even if we were to assume that the Palealii deed should properly have been admitted, it is evident from the following that its exclusion did not in any way prejudice the position of appellant in this case.

The trial court after much deliberation stated clearly the basis for its finding. It was reasoned that the direct reference to acreage and description of where the land was located in the deed indicated that Grant 2028 was the source of the interest being conveyed, not Grant 974. Dispute as to ownership in Grant 2028 having been settled by stipulation, the trial court found the Palealii deed inadmissible.

That portion of the deed that is in dispute as to its proper construction reads as follows:

[T]herefor by these presents, we do hereby sell, convey and quitclaim all our undivided right, title and interest in that property of our grandfather deceased, Ehu (k) of Kuamoo, North Kona, Hawaii, known by Royal Patent .......... L. C. A. .........., being the land on the mauka side of the government road now running mauka from North to South within this piece containing 44 acres more or less, whereas I, Palealii (w) the great-great-granddaughter of said Ehu (k) deceased, and I am one of the heirs according to law for this land of said grandfather of mine.

Appellant contends that the trial court erroneously interpreted the deed as only conveying an interest in Grant 2028. It is argued that because Grant 2028 runs East and West and not "North to South" as is suggested by the deed, the trial court's construction should be rejected as inaccurate. This manner of analysis is highly misleading. An examination of the tax key maps in evidence indicates that both Grant 2028 and Grant 974 run East and West rather than North and South. Furthermore, the phrase "North to South" should be interpreted as describing that which it immediately precedes, "the government road" (which does tend to run in a North-South direction), not the property conveyed.

The trial court's construction of the Palealii deed is supported by other language within the deed. The land being conveyed is described as running on the mountain side of the government road. As is evidenced by the tax key maps, this description limits the property intended to Grant 2028. Long ago this court noted that "[t]he extent of the area of land conveyed becomes an essential and very material part of the description, where there is not sufficient certainty in defining its boundaries." *Mist v. Kawelo*, 11 Haw. 587, 590 (1898). It was stipulated prior to trial that Grant 2028 contained 44 acres; the Palealii deed specifically designates such an amount.

For the foregoing reasons, the trial court's denial of the Palealii deed into evidence cannot be considered reversible error.

### CONCLUSION

The trial court has been affirmed in its finding that G. N. Alapai conveyed his interest in "division 1" of Grant 974, being the upper division of Grant 974, by the deed from Huia to C. C. Achong, November 1896. It has also been affirmed in its finding that G. N. Alapai conveyed to Malani by deed dated October 1898, his interest in that portion of Grant 974 situated below the old government road. We have found erroneous the trial court's construction of the deed

from G. N. Alapai to Charles Ka in July, 1900. As shown, a valid interpretation of that conveyance indicates that G. N. Alapai conveyed his interest in both Grant 2028 and Grant 974 at that time.

The above conveyances to C. C. Achong and Malani occurred prior to the above conveyance to Charles Ka. This means that included in the conveyance from G. N. Alapai to Charles Ka was G. N. Alapai's interest in that portion of Grant 974 that lies on the mountain side of (above) the old government road, not including any of "division 1". Appellant correctly contends that this would include tax parcels 3, 4, 5, 26, 43 and 44 of tax key map 7-9-03 of Grant 974 as was admitted into evidence.

As pointed out previously, the trial court suggested that the above described area is and has been adversely possessed. However, the trial court found it "unnecessary to make detailed findings of fact as to adverse possession", in view of its construction of the deed from G. N. Alapai to Charles Ka. The trial court did make such a determination as to tax parcel 3 of tax key map 7-9-03, and granted a decree quieting title in appellee Mission in 1963. It is our opinion that such a finding as to adverse possession must also be made as to tax parcels 4, 5, 26, 43 and 44 of tax key map 7-9-03 of Grant 974. For this determination we remand so that the requisite finding as to adverse possession can be made in conjunction with the requested quiet title proceeding. *See Yin v. Midkiff*, 52 Haw. 537, 481 P.2d 109 (1971). In this manner only can a proper determination be made as to appellant's interest in the property in question.

Remanded for requisite findings in accordance with the foregoing.

*Ernest Kubota* for plaintiff-appellant.

*C. Duane Carlsmith (Cyril Kanemitsu, Gilbert Hara* and *Richard T. Ishida* also on the brief) for defendants-appellees.